IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR573 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DANIEL D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255).  (Filing No. 38), and Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Filing No. 39).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  The court sentenced defendant to the Bureau of Prisons for a term of forty-one months followed by three years supervised release.  The defendant did not file a direct appeal.

In his § 2255 motion the defendant asks that in the interests of justice the court adjust his sentence of imprisonment to thirty-five months.  Defendant claims that at the time of sentencing the court ordered that the defendant's state sentence and federal sentence shall run concurrently and that his forty-one-month sentence shall be calculated as beginning on March 11, 2004, the date he began serving his sentence for a related state offence.  Accordingly, based on this computation, the defendant's forty-one-month sentence would be reduced to thirty-five months.  However, the Bureau of Prisons (BOP) did not compute defendant's sentence as beginning on March 11, 2004, rather it began computation of defendant's sentence on September 9, 2004, the date defendant was paroled form the Lincoln Correctional Center.

The United States shall respond to the defendant's § 2255 motion by filing an Answer.  In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

THEREFORE IT IS ORDERED:

    1.    The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 38);

    2.    Upon initial review, the Court finds that summary dismissal of the Defendant's § 2255 motion is not required;

    3.    On or before, February 9, 2006 the United States shall file an Answer to the defendant's § 2255 motion and support its Answer with a brief;

    4.    On or before, February 27, 2006 the Defendant may file a responsive brief;

5. The Defendant's motion to proceed in forma pauperis (Filing No. 39) is granted.

6. The clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 11th day of January, 2006.

           BY THE COURT:

           s/Laurie Smith Camp
           United States District Judge