IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR573 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DANIEL D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 38), and plaintiff's Answer and Brief in response to defendant's motion. (Filing Nos. 46 & 47). The court has reviewed all of the responsive filings.

Defendant pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The court sentenced defendant to the Bureau of Prisons for a term of 41 months followed by three years supervised release. The defendant did not file a direct appeal.

In his § 2255 motion, the defendant asks that in the interests of justice the court adjust his sentence of imprisonment to 35 months. Defendant claims that at the time of sentencing the court ordered that the defendant's state sentence and federal sentence run concurrently and that his 41-month sentence be calculated as beginning on March 11, 2004, the date he began serving his sentence for a related state offense. Accordingly, based on this computation, the defendant's 41-month sentence would be reduced to 35 months. However, the Bureau of Prisons (BOP) did not compute defendant's sentence from March 11, 2004; rather it began computation of the defendant's sentence on September 9, 2004, the date defendant was paroled from the Lincoln Correctional Center.

>At sentencing the following exchange occurred:
>
>MS. CUNNINGHAM: And the last thing is, Daniel has been serving a sentence that is a related case to this case. And therefore, Mr. Stecher and I have agreed that the sentence needs to run not just concurrent with the state case, but it should begin March 11, 2004, which the presentence report indicates is the date he started incarceration.
>
>MR. STECHER: We concur with counsel in regards to the date of incarceration of March 11, 2004. Obviously this is a related case or he wouldn't be safety valve eligible, I don't believe. And that was the government's view of this matter from the beginning.
>
>THE COURT: I will note for the record at this time that the calculation of the 41-month sentence should begin on March 11, 2004. And I request that the Bureau of Prisons calculate that sentence accordingly, giving the defendant that credit for time served.

Based on the agreement of Joe Stecher, counsel for the Government and Deborah Cunningham, counsel for the defendant, the court clearly intended to run the two sentences concurrent and depart from the guideline sentence based on time served for the state sentence pursuant to U.S.S.G. 5G1.3(b) Application Note #7, crediting defendant for time served from March 11, 2004. On Initial Review this court ordered the government to answer defendant's motion, and in its Answer the government concedes that the defendant's claim for relief should be granted. Therefore, the court will grant defendant's § 2255 motion and issue an amended judgment to avoid a "miscarriage of justice."

The Amended Judgment shall include the following language: 1) a downward adjustment shall be made pursuant to U.S.S.G. § 5G1.3(b); 2) the sentence is adjusted downward by a period of 6 months; 3) the adjustment is given with respect to the term of imprisonment that was undischarged at the time of sentencing and imposed in the District Court of Nance County, Nebraska, on March 24, 2004, docket # CR03-16; and 4) the

sentence reduction pursuant to § 5G1.3(b) is for a period of 6 months that has not been credited by the U.S. Bureau of Prisons.

IT IS ORDERED:

1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (Filing No. 38) is granted;

2. An Amended Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 28th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge